Franks Estate

*Robert W. Denious*, for accountant.

*Charles E. Donohue*, Deputy Attorney General.

ADJUDICATION BY TAXIS, J., JUNE 24, 1981:

\*\*\* At the time of audit, accountant requested, by petition to the court, that Article III of the decedent's will be modified in light of the Tax Reform Act of 1969 and the Charitable Instruments Act of 1971.

Decedent died on July 23, 1980, leaving a will dated March 3, 1965. By Article III decedent bequeathed $100,000 in trust, for the benefit of Harvard College, Lafayette College, and Perkiomen School, with directions to accumulate the net income and to add the same to principal until the fund shall equal $1,000,000, at which time the trustees shall pay the income to the named beneficiaries for scholarships. Decedent bequeathed his residuary estate to Mariana G. McNeil and Saville Dieffenderfer in one-half shares, with the share of either predeceasing legatee passing to the surviving legatee. Mariana G. McNeil predeceased the decedent and, therefore, the entire residuary estate passes to Saville Dieffenderfer.

By petition submitted with the audit papers, accountant requests that Article III be modified to allow transfer of $33,333.33 to each of Harvard College, Lafayette College, and Perkiomen School. Harvard College and Lafayette College will accumulate the income from their shares and add the same to principal until the fund reaches a market value of $333,333.33 with income thereafter to be applied for scholarships. Perkiomen School will apply the income from its share of the fund on a current basis for scholarships.

Accountant notes that, if it followed the direction of Article III to accumulate income, the trust would be subject to tax under §4942 of the Internal Revenue Code of 1954 (I.R.C.) as modified by the Tax Reform Act of 1969. In addition §201(1) of the Charitable Instruments Act of 1971 automatically amends the will to require current income distribution to avoid the problem of taxation under I.R.C. §4942. Accountant suggests that current distributions of income do not carry out the decedent's intention. However, under I.R.C. §170(b)(1)(A)(ii) and §509(a)(1), none of the institutions is considered a private foundation and, consequently, each is legally free to accumulate income without regard to I.R.C. §4942. By letters attached as exhibits to the petition, Harvard

288

College and Lafayette College agree to accumulate income from their respective shares until each share reaches a principal sum of $333,333.33, at which time the net income will be used for scholarships.

By letter attached to the petition, the headmaster of the Perkiomen School, John B. Hewitt, expressed the preference of the school to distribute the income currently, rather than to accumulate income until $333,333.33 in principal is achieved. Mr. Hewitt appeared and testified and his testimony was most helpful in demonstrating the current financial support needed for Perkiomen School students. This deviation is therefore allowed.

Accordingly, by decree signed contemporaneously with this adjudication, the court approves the distribution of $33,333.33 to each of Harvard College, Lafayette College, and Perkiomen School, with the first two named beneficiaries to accumulate the income until the principal of their respective shares attains $333,333.33, and with the Perkiomen School to distribute the income currently.

The Attorney General of the Commonwealth of Pennsylvania appeared and has no objections. ***